UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON T. HILL, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:23-1172 |
| v. | : | (JUDGE MANNION) |
| JOSEPH SINAVAGE, *et al.*, | : | |
| Defendants | : | |

## O R D E R

Pending before the court is the report of United States Magistrate Judge Daryl F. Bloom which recommends that the instant action be dismissed with prejudice. (Doc. 9). No objections have been filed to Judge Bloom's report. Upon review, the report and recommendation will be adopted in its entirety as the opinion of the court.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)).

Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff brought the instant action pursuant to 42 U.S.C. §1983 against two City of Wilkes Barre police officers and a school bus driver. Judge Bloom summarizes the allegations of the complaint as follows:

> Hill's complaint alleges that on October 16, 2019, he was riding in an Uber to the store when the Uber was pulled over by police who conducted a traffic stop. (Doc. 1 at 4). He claims that Defendants Sinavage and Homza, two police officers with the city of Wilkes-Barre, approached the car and asked for his identification. (Id.). He then asserts that he was taken out of the Uber, handcuffed and placed inside of the police car. (Id.). While he was sitting in the police car, the car was hit by a school bus driven by Defendant Walkowiak. (Id.). Hill asserts that he was not wearing a seatbelt at the time, and that he suffered injuries to his left knee, back, and his neck as a result of the collision. (Id. at 5). After he received medical care, he was arrested and charged with a crime, which he claims he did not commit, and asserts that the officers wrongfully charged him with a crime to cover up for placing him in the police car without a seatbelt. (Id.).

(Doc. 9, pp. 1-2).

On these allegations, the plaintiff sets forth general claims under §1983, which Judge Bloom as read to be false arrest and malicious prosecution claims. In addition, the plaintiff seems to allege a claim for negligence against the school bus driver.

In considering the plaintiff's claims, Judge Bloom determined that the false arrest claim is barred by the applicable two-year statute of limitations. In any event, he found that the false arrest and malicious prosecution claims against the City of Wilkes Barre police officers fail to state a claim upon which relief can be granted in light of the events in the plaintiff's state court criminal proceedings. With the federal claims being disposed of, Judge Bloom recommends that the court decline to exercise supplemental jurisdiction over any state law claim for negligence against the bus driver. Because the deficiencies of the complaint cannot be cured by amendment, Judge Bloom recommends that the instant action be dismissed with prejudice.

The plaintiff has failed to file objections to Judge Bloom's report. The court has reviewed the record and Judge Bloom's report and finds no clear error. Moreover, the court agrees with the sound reasoning which led Judge Bloom to his conclusions. Therefore, the court will adopt the report and recommendation in its entirety as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Bloom **(Doc. 9)** is **ADOPTED IN ITS ENTIRETY AS THE OPINION OF THE COURT**.

**(2)** The instant action **(Doc. 1)** is **DISMISSED WITH PREJUDICE**.

- 4 -

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 12, 2024**
23-1172-01